IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 SEP 28  A 9:36

| | | |
|---|---|---|
| **MARSHALL TAYLOR,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:05-cv-800-T |
| **CHIEF ALFORD WADSWORTH** | ) ) | |
| Defendant. | ) | |

## MOTION FOR JUDGMENT ON THE PLEADINGS, OR MOTION TO DISMISS

COMES NOW Defendant Chief Alfred Wadsworth, by and through counsel, and moves this Honorable Court to enter Judgment on the Pleadings in his behalf, or in the alternative, enter and Order of Dismissal for the Plaintiff's failure to state a claim upon which relief can be granted in the above-styled cause, and as grounds therefor states the following:

1. The Plaintiff bases his allegation that his constitutional rights have been violated on the following facts:

> Chief Alfred Wadsworth has sent evil spirits to my home. I want him to stop. He harass me by sending police officers to my home breaking in and pulling weapons on me. I was really upset and sick behind this. Headaches all the time and sleepless nights. [sic]

> I would like Chief Alfred Wadsworth to stop sending police officers to my home for no reason and stop sending evil spirits stop harassing me and let me live in peace. [*sic*]

Complaint paragraphs 5 and 6.

2.  Plaintiff has filed an amendment to his Complaint alleging that Chief Wadsworth sent two police officers to the Plaintiff's home who entered with drawn weapons while the Plaintiff was in the restroom and proceeded to threaten and accuse him of things he "knew nothing about." This is alleged to have occurred around "8:00 to 9:00 pm April 2005." In addition, he alleges that Chief Wadsworth "also sent evil spirits to [his] home." Furthermore, he alleges that Charlotte Reed, the Prattville City Magistrate, "has sent evil spirits to me and she has collected money from me for my fines but did not apply them to my fines." "I beg to get these people and their evil spirits off my back. . .stop with the evil spirits." Amendment to Complaint filed September 22, 2005.

3.  Defendants may raise their defense of Plaintiff's failure to state a claim upon which relief can be granted in a Motion for Judgment on the Pleadings pursuant to *Federal Rules of Civil Procedure* 12(b)(6), 12(c), and 12(h)(2). "Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. Nordicktrac, Inc.*, 236 Fed.3d 658, 660 (11th Cir. 2000). The instant motion is based on

the facts as alleged in the Complaint and applicable rules of law. There are no genuine issues of material fact relevant to this motion.

  4. The Plaintiff has failed to state a claim upon which relief can be granted. Rule 8 of the *Federal Rules of Civil Procedure* requires that, "a pleading. . .contain. . .a short and plain statement of the claims showing that the pleader is entitled to relief."

> Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, where it is not enough, to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).

  5. Defendant Alfred Wadsworth, as Chief of the Police Department of the City of Prattville, has pled the defense of qualified immunity in his Answer. In this stage of the proceedings, the Rule 12(b)(6) defense and the qualified immunity defense become intertwined. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). "Under the qualified immunity defense, defendants are immune from liability and even from trial if plaintiff's complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (*Citations omitted*). "To eliminate non-meritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims [the Eleventh Circuit] and other courts have tightened the application of Rule 8 to section 1983 cases." *Id.* (*Citations omitted*). Factual detail is

necessary in pleading a section 1983 action, especially if the Court is to be able to determine whether the constitutional right asserted by a Plaintiff is clearly established at the time the Defendant acted and for the Court to make a determination of whether the Plaintiff has even asserted a violation of a constitutional right at all.

6. Plaintiff's allegation that Chief Wadsworth violated his constitutional rights by dispatching evil spirits to the Plaintiff's home fails to state a claim upon which relief can be granted. There is no clearly established federal, statutory or constitutional right to be free of infestation by evil spirits which a reasonable person would have known. Furthermore, the dispatch of evil spirits is not a cause of action cognizable under Alabama statutory or common law. Therefore, Plaintiff's claims concerning evil spirits are due to be dismissed as a matter law pursuant to Rule 12 (b)(6) of the *Federal Rules of Civil Procedure*.

7. Further, Plaintiff has alleged that Chief Wadsworth harassed him by sending police officers to break into his home and pull weapons on him. Plaintiff claims that this incident, or these incidents, took place in May 2005 (Compl., ¶ 4) and/or between 8:00 and 9:00 p.m. in April 2005. (Amend. Compl.) Plaintiff fails to plead any factual detail with regard to the specific actions by Chief Wadsworth and the two unidentified police officers. The Plaintiff does not proffer any facts that Chief Wadsworth communicated with the two officers and gave them the same

instructions as the evil spirits, or any other facts about Chief Wadsworth's interaction with the officers other than he "sent" the officers to the Plaintiff's home. The Plaintiff does not plead sufficient facts to determine the circumstances of the officers' entry into his home, whether it was a legal or illegal entry, the specific actions of the officers inside the Plaintiff's home, the Plaintiff's actions, the date and time on which the incidents occurred, or any other factual details necessary for the Court to determine that the Plaintiff's complaint states a violation of clearly established statutory or constitutional rights or even asserts a violation of a constitutional right at all. For this reason, Plaintiff's claim concerning the entry of the officers into his home is due to be dismissed as a matter of law for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and in compliance with the heightened pleading requirements required by the Eleventh Circuit. See, e.g., *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992).

WHEREFORE, on the grounds set forth above, Defendant Alfred Wadsworth respectfully moves this Honorable Court for Judgment on the Pleadings, or to dismiss the Plaintiff's Complaint in its entirety.

/s/ ALEX L. HOLTSFORD (ASB-9586-D62A)
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendant Alfred Wadsworth

Page 5 of 6

OF COUNSEL:
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585 - Phone
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to

Mr. Marshall Taylor
229 Lewis Street
Prattville, AL 36067

on this the 27th day of September, 2005.

_____
OF COUNSEL